IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA MACHINERY COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CARGOTEC SOLUTIONS, LLC,<br><br>　　　　　　　Defendant. | 8:12CV394<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on the objection, Filing No. 21, of defendant Cargotec Solutions, LLC, to the order of the magistrate judge, Filing No. 20. The defendant filed supporting briefs, Filing Nos. 22 and 26, and the plaintiff, Nebraska Machinery Company, filed a brief in opposition, Filing No. 23. Cargotec objects to the magistrate judge's finding granting plaintiff's motion to determine arbitrability and to dismiss, Filing No. 6, and denying Cargotec's Motion to Compel Arbitration and to Dismiss, or Alternatively, Stay Proceedings, Filing No. 15.

## BACKGROUND

　　　　The court generally adopts and incorporates herein the background set forth by the magistrate judge in his Order. Filing No. 20 at 1-4. In summary, Cargotec sent a purchase order for the sale of goods to Nebraska Machinery. Cargotec contends it sent a Form F-027 as part of the contract, and Form F-027 includes provisions which require arbitration and indemnification. Nebraska Machinery argues it never received the F-027 document. Upon receipt of the purchase order from Cargotec, Nebraska Machinery sent a new set of documents to Cargotec which included a purchase order and an invoice for the goods. The terms and conditions from Nebraska Machinery did not include arbitration or indemnification agreements. Cargotec contends it did not receive

the terms and conditions from Nebraska Machinery. This process occurred at least one more time, with both sides contending they did not receive the opposing party's terms and conditions. Ultimately, third parties who purchased the goods filed a lawsuit, alleging the goods did not work properly. Third-party claims were filed against both Cargotec and Nebraska Machinery. Cargotec agreed to indemnify the suing party, and then sent a letter to Nebraska Machinery requesting indemnity. Nebraska Machinery did not agree to indemnify Cargotec. Cargotec, thereafter, filed a demand for arbitration in Kansas. See Filing No. 5, Ex. A. On November 8, 2012, Nebraska Machinery filed this action against Cargotec for declaratory relief pursuant to 28 U.S.C. § 2201. Filing No. 5, Amended Complaint.

## DISCUSSION

### A. Jurisdiction

Nebraska Machinery contends that this court has jurisdiction to determine whether the parties reached an agreement to arbitrate, and Cargotec argues the court does not have jurisdiction to dismiss a pending arbitration and determine the question of arbitrability. The magistrate judge determined, and this court agrees, that this is a question for judicial determination. *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452 (2003) (plurality opinion); *see Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (whether the parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination; *see also Barker v. Golf U.S.A., Inc.,* 154 F.3d 788, 791 (8th Cir. 1998) (stating "a court must decide whether [an] agreement to arbitrate is valid"). "[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943

(1995). Thus, the magistrate judge is correct in determining that a court, and not the arbitrator, determines the arbitrability question.

### B. Standard of Review

Cargotec contends that this court is required to review the magistrate judge's determinations de novo. The argument is based on Cargotec's contention that this is a dispositive matter. Dispositive matters are subject to de novo review by the district court. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Nondispositive matters, however, are subject to a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Because there is a motion to dismiss filed by Cargotec with the motion to compel arbitration, and a motion to dismiss by Nebraska Machinery, the court will, out of an abundance of caution, review this case using the de novo standard. *See also Boumstein v. Sec. Prods. Co.,* No. 8:12CV231, 2012 WL 6082958, at *1 (D. Neb. Dec. 6, 2012) (conducting de novo review of the magistrate judge's recommendation to deny in part and grant in part defendant's motion to compel arbitration and stay action); *Dobson Bros. Constr. Co. v. Ratliff, Inc.,* No. 4:08CV3103, 2009 WL 837790 (D. Neb. Mar. 26, 2009) (same).

### C. Merits

Nebraska Machinery argues there is no arbitration or indemnification agreement between the parties, because (1) it did not receive the arbitration and indemnity terms and conditions,[1] and (2) it did not accept Cargotec's offers but instead submitted a

---

[1] In fact, Nebraska Machinery notes that the attachments to the electronic document appear to be reprinted, because the electronic system was not used by Nebraska Machinery until July 2007 and was not operative until well after the sales occurred in this case. Filing No. 8-2, Aff. of Jody Krisel, ¶¶12, 13. Further, some of the goods listed by Cargotec do not match up to the same item numbers sold by Nebraska Machinery. This evidence is not contradicted.

3

counteroffer. Cargotec contends that the court should compel arbitration under the F-027 document. The magistrate judge, as discussed hereinafter, determined that the parties did not enter into a contract that included an arbitration agreement.

The magistrate judge applied basic contract law to determine whether an agreement to arbitrate exists.[2] See Filing No. 20, at 6-8; Neb. Rev. Stat. U.C.C. 2-207, and comment 7 ("In many cases, as where goods are shipped, accepted, and paid for before any dispute arises, there is no question whether a contract has been made. In such cases, where the writings of the parties do not establish a contract, it is not necessary to determine which act or document constituted the offer and which the acceptance. See section 2-204. The only question is what terms are included in the contract, and subsection (3) furnishes the governing rule." Kan. Stat. Ann. § 84-2-207, and comment 7 (same). The court agrees that is the correct analysis. Applying such an analysis, the magistrate judge concluded that two scenarios were possible: (1) Nebraska Machinery received Cargotec's purchase orders and Cargotec received Nebraska Machinery's invoices, and neither party received any terms and conditions; or (2) under the second scenario, the parties are assumed to have received all documents sent by the other. This includes Cargotec's P.O. Nos. 1 and 2, Form F-027, Nebraska Machinery's P.O. Nos. 1 and 2, Nebraska Machinery's terms and conditions, and Nebraska Machinery's Invoice Nos. 1 and 2.

Under possibility one, where neither party received any terms and conditions, the magistrate judge concluded that the Cargotec purchase orders included the following

---

[2] The magistrate noted that both Nebraska and Kansas law apply the same analysis to determine whether a contract exists, so there is no need to discuss choice of law rules.

4

language: "Standard [Cargotec] terms and conditions Form F-027 . . . apply to this order.  If you do not have a copy of [this form] on file, please contact the buyer indicated."  See Filing No. 8-2 Exs. A and E - Purchase Orders No. 1 and 2. Form F-027 included the disputed arbitration provision."  Filing No. 20 at 1.  Thus, if Nebraska Machinery accepted the offer, the terms set forth in Form F-027 apply.  However, the magistrate judge determined that parties formed two contracts.  He further determined that there is no indication that Nebraska Machinery ever accepted or rejected the purchase orders.  Under this scenario, if adopted by the magistrate judge, the dispute under the contract would be determined in arbitration.  Filing No. 20, at 9.

The magistrate judge identified a second scenario where the parties are assumed to have received all of the documents sent to the parties.  Under this scenario, Cargotec sent the purchase orders which referred to Form F-027.  See Filing No. 8-1 Ex. A – Form F-027.  Nebraska Machinery responded by sending new purchase orders and invoices.  See Filing No. 8-2 Exs. B and F – Nebraska Machinery's purchase order Nos. 1 and 2; Exs. D and G – Nebraska Machinery Invoices Nos. 1 and 2.  These documents from Nebraska Machinery did not include indemnification and arbitration provisions.  See Filing No. 8-2, Ex. C – Nebraska Machinery's Terms and Conditions.  Nebraska Machinery did not sign Cargotec's purchase orders and accept the terms and conditions.  The magistrate judge viewed this as a rejection of Cargotec's offers and Nebraska Machinery's new offers as counteroffers.  Cargotec likewise did not agree in writing to Nebraska Machinery's counteroffers.  However, as the magistrate judge noted, "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."  Neb. Rev. Stat. U.C.C. § 2-204; Kan. Stat. Ann. 84-2-204 (same).  The

evidence shows that Nebraska Machinery delivered the engines and Cargotec accepted, paid for and used them. The magistrate judge then stated:

> ("The parties clearly behaved in a manner that recognized the existence of a contract, as demonstrated by . . . delivery of the goods and . . . acceptance of, payment for, and attempted use of the goods."). *PCS Nitrogen Fertilizer, L.P. v. Christy Refractories, L.L.C.,* 225 F.3d 974, 981 (8th Cir. 2000). In such a case, the "contract consist[s] of those terms on which the writings of the parties agree." See Neb. Rev. Stat. U.C.C. § 2-207(3) cmt. 7; Kan. Stat. Ann. § 84-2-207(3) cmt. 7. Under U.C.C. § 2-207(3), the contract incorporates terms on which the parties agree, which necessarily excludes the disputed arbitration and indemnification provisions in Cargotec's terms and conditions. As the parties did not agree to arbitration and indemnification, the contract does not include those provisions. Therefore, Nebraska Machinery is not required to submit to arbitration.

Filing No. 20, at 10-11. The magistrate judge determined that the second scenario is the most likely explanation in this case. In essence, Cargotec sent its contract, which Nebraska Machinery did not sign; Nebraska Machinery sent its new purchase orders, which Cargotec did not accept in writing; and then the parties performed.

The court does not totally agree with either scenario set forth by the magistrate judge. For this court, it boils down to the following. The most the court can assume from the evidence presented is that there was a meeting of the minds as to purchase, sale, and payment. The parties go on and on about how they did not receive each others documents relating to terms and conditions. There are issues with Cargotec's argument that they sent these documents, when in fact the electronic systems were not available to Nebraska Machinery at that time, and further, not all the identification numbers for sales match up to the purchase orders/invoices. There is no definitive answer other than that. Cargotec wants the court to submit this issue to a trier of fact at trial. However, there are no facts to try. Everything has been submitted to the court. There is nothing to submit to the jury. Accordingly the court finds, following a de novo

review, that the only terms agreed upon by the parties are the purchase, sale, and payment. The court finds the parties are not contractually required to arbitrate or indemnify.

THEREFORE, IT IS ORDERED:

1. Nebraska Machinery's Motion to Dismiss or Stay Arbitration and to Determine Arbitrability (Filing No. 6) is granted.

2. Cargotec's Motion to Compel Arbitration and to Dismiss or, Alternatively, Stay Proceedings (Filing No. 15) is denied.

3. The magistrate judge's order, Filing No. 20, is affirmed in part as set forth herein.

4. The objection to the magistrate judge's order, Filing No. 21, is overruled.

5. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 15th day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge